**Dated: March 15, 2006**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **JAMES E. RIDGWAY** | ) | Case No. 05-71252 |
| dba Ridgeway Construction | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **JASON CERIOTTI,** | ) | |
| **BOBBIE CERIOTTI**, | ) | |
| **WYRICK LUMBER COMPANY,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 05-7058 |
| | ) | |
| **JAMES E. RIDGWAY** | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

On this 14th day of February, 2006, this matter came on for trial on Plaintiffs' action to determine the nondischargeability of debt pursuant to 11 U.S.C. §523(a)(2)(A). Plaintiffs Jason and Bobbie Ceriotti appeared in person, and Eddie Wyrick appeared on behalf of Wyrick Lumber

Company. Plaintiffs' were also represented by their attorney David Youngblood. Defendant did not personally appear but was represented by his attorney, Thomas Webb. The Court heard the sworn testimony of witnesses and viewed exhibits introduced in this trial. After the trial, Plaintiffs filed a motion for attorney fees pursuant to 12 O.S. §§ 928 and 936. The Court hereby enters its findings of fact and conclusions of law, in conformity with Rule 7052, Fed. R. Bankr. P.

## FINDINGS OF FACT

Debtor commenced this Chapter 7 proceeding on April 1, 2005. Prior to filing bankruptcy, Debtor submitted a written proposal in February of 2004 to build a home for Jason and Bobbie Ceriotti at a cost of $73,000. The Ceriottis accepted Debtor's proposal and construction was commenced. They deposited $73,000 into a construction account upon which Debtor was to draw for supplies and labor costs. The Ceriottis provided these funds to Debtor based upon Debtor's promise that he would complete their home for that amount and would pay for materials and labor directly from those funds. Debtor used a number of different suppliers for the construction, including Wyrick Lumber Company. According to the testimony of Wyrick Lumber representative Eddie Wyrick, Debtor induced Wyrick to provide numerous materials for the Ceriottis' home by promising to pay Wyrick as the Ceriottis paid him. Wyrick later learned that the Ceriottis had paid Debtor but Debtor did not remit those funds to Wyrick. Prior to completion of the home, Debtor abandoned the project. He failed to complete installation of wiring, flooring, cabinets, doors, and brick work. Ceriottis were required to pay an additional $16,419.00 to suppliers for unpaid materials and for additional materials needed to complete the home, and $1,000.00 in labor costs. Additionally, Jason Ceriotti and his father provided a lot of the labor for which they now seek reimbursement, totaling $650. One subcontractor filed a lien against the Ceriottis' new home. The Ceriottis borrowed all the money to fund the initial $73,000 cost of construction. The money to complete construction came

from the Ceriottis' retirement account.

The Ceriottis filed suit against Debtor in the District Court of Atoka County, State of Oklahoma, Case No. CJ-2004-229, seeking damages in the amount of $18,069.00 for fraud and willful breach of contract. Wyrick Lumber Company also filed suit against Debtor in Atoka County, Case No. CJ-2005-7, alleging fraud and seeking damages of $8,771.70 plus attorney fees. Debtor received service of both lawsuits but did not file any responsive pleadings in either case. The Ceriottis and Wyrick Lumber provided testimony and exhibits in the trial of the state court actions. Debtor did not appear. On January 3, 2005, the state court found that Debtor did fraudulently and willfully breach his contract with the Ceriottis and entered a judgment in favor of the Ceriottis in the amount of $18,069 (CJ-2004-229). On February 22, 2005, Wyrick Lumber Company was awarded judgment against Debtor in its case in the amount of $8,771.70 for fraudulent embezzlement of funds, and $1,500.00 for costs and attorney fees (CJ-2005-7).

The Ceriottis and Wyrick Lumber Company filed claims in Debtor's Chapter 7 bankruptcy, and commenced this adversary proceeding against Debtor on April 25, 2005. At the trial to determine the nondischargeability of the state court judgments, Jason Ceriotti and Eddie Wyrick testified regarding the facts outlined herein and submitted exhibits consisting of construction invoices and statements, and bank account records. Although Debtor did file an answer to the adversary complaint, he did not appear at trial. His counsel, Thomas Webb, participated in the trial of this matter, cross-examining Plaintiffs' witnesses and presenting closing arguments. Mr. Webb also submitted exhibits evidencing his attempts to contact Debtor to urge him to participate in this trial. Debtor's deposition was taken prior to trial but was not provided to this Court by the parties.

## CONCLUSIONS OF LAW

The Plaintiffs seek to have the debt owed to them determined nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A) which provides that a debt for money obtained "by false pretenses, a false representation or actual fraud" is nondischargeable. To prevail under this section, the creditor must prove by a preponderance of the evidence that (1) the debtor made a representation, (2) the representation was false, (3) the representation was made with the intent to deceive the creditor, (4) the creditor relied upon the representation, (5) the reliance was justifiable, and (6) the creditor suffered damages as a result of the reliance. *In re Young*, 91 F.3d 1367, 1373 (10th Cir. 1996). Exceptions to discharge are to be narrowly construed with doubts resolved in the debtor's favor. *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir. 1997). The intent to deceive a creditor may be inferred from the circumstances. *Id.* at 1375. This Court considers the totality of the circumstances in deciding whether a debtor's conduct indicates an intent to deceive the creditor. *Groetken v. Davis (In re Davis),* 246 B.R. 646, 652 (10th Cir. BAP 2000).

In this case, the Ceriottis presented unrefuted evidence that Debtor made a representation which they relied upon that he could build the home they wanted if they would pay him $73,000. He partially performed as agreed, but left much of the work undone. As for Wyrick Lumber Company, Debtor represented that he would pay for the materials he received from Wyrick when, if fact, he paid very little. Instead, Debtor took large draws from the Ceriottis to pay himself. Both the Ceriottis and Wyrick Lumber Company relied upon Debtor's representations to their detriment. They were left with unpaid bills. In the Ceriottis' case, they not only had to pay overdue bills that Debtor promised he would pay but they had to borrow significant additional sums to complete the job Debtor promised he could complete. No evidence was offered by Debtor which refuted the evidence presented by the Ceriottis and Wyrick Lumber. In addition, two state court judgments made specific findings that

Debtor defrauded the Plaintiffs.

The Court finds that the evidence presented establishes a pattern of conduct which indicates an intent to deceive. The Plaintiffs relied upon Debtor's representation, and suffered damages as a result. With no evidence to the contrary, the Court infers from Debtor's representations to the Plaintiffs that he intended to deceive them. The Court also finds that the Plaintiffs' reliance upon Debtor's representations was justifiable. *See, Field v. Mans*, 516 U.S. 59, 70, 116 S.Ct. 437, 444 (1995). The Ceriottis selected Debtor partially because he had done work for an acquaintance. Wyrick Lumber had prior dealings with Debtor. Debtor did some work on the home and paid for some materials purchased from Wyrick Lumber, facts which induced the Plaintiffs to continue to rely upon Debtor's assurances that he would complete the home and pay his bills. Instead, Debtor used the Ceriottis' funds to pay himself, refused to pay Wyrick Lumber, and abandoned the job.

The Court does note that part of the amount of Wyrick Lumber's state court judgment which it seeks to except from discharge is for attorney fees and costs in the amount of $1500. At trial before this Court, Wyrick's counsel cited 12 O.S. §936 in support of an award of attorney fees but this statute authorizes attorney fees in actions to recover funds on open accounts or contracts, not fraud actions. Both Wyrick's state court action and this adversary proceeding were grounded on fraud. If it were not so and these were breach of contract claims, neither Wyrick Lumber nor the Ceriottis could except these debts from discharge under §523(a)(2)(A). The traditional American Rule regarding attorney fees is that they cannot be recovered by a prevailing party unless a statute or contract authorizes such an award. The record reflects no authority to grant attorney fees to Wyrick in the state court action, nor is there any delineation of what the $1500 represents. This amount is not part of the materials advanced to Debtor by Wyrick Lumber based upon Debtor's fraudulent representation, therefore, it may not be excepted from discharge.

As for Plaintiffs' Motion for Attorney Fees, Plaintiffs rely upon two Oklahoma statutes, 12 O.S. §936 and 12 O.S. §928, to support their request for fees and costs in this adversary proceeding. Under the Bankruptcy Code, fees may only be awarded to a prevailing debtor in an adversary proceeding brought pursuant to 11 U.S.C. §523(a)(2)(A), subject to the conditions set forth in §523(d). There is no authority to award fees to a party who prevails in excepting a debt from discharge. No other statute under the Bankruptcy Code authorizes the award of attorney fees and costs in this type of action. Further, even if the Oklahoma statutes did provide authority for this Court to award fees, the statutes cited by Plaintiffs do not apply in this case. Section 928 allows costs to the prevailing party, but "costs" do not include attorney fees. *Butcher v. McGinn*, 1985 OK 58, 706 P.2d 878. This is an action based on fraud, not to recover funds on open accounts or contracts under 12 O.S. §936. If it were, Plaintiffs would not be able to except their debts from discharge based upon Debtor's fraud under §523(a)(2)(A). Accordingly, Plaintiffs Motion for Attorney Fees is denied.

IT IS THEREFORE ORDERED that the debt owed to Plaintiffs Jason and Bobbie Ceriotti in the amount of $18,069.00 is **nondischargeable.**

IT IS FURTHER ORDERED that the debt owed to Plaintiff Wyrick Lumber Company in the amount of $8,771.70 is **nondischargeable.**

IT IS FURTHER ORDERED that Plaintiffs Motion for Attorney Fees and costs is **denied.**

###